**JOHN E. CHARLAND**
**ATTORNEY AT LAW**
3707 North 7th Street
Suite 250
Phoenix, AZ 85014
(602)944-7499

Name and State Bar No. John E. Charland, #012089

Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT

### IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEPHANIE PETERSON and EVAN PETERSON, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTHCARE COLLECTIONS- I, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Stephanie Peterson and Evan Peterson suing on behalf of themselves complains as follows:

### INTRODUCTION

1. This is an action for damages for defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter, "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES, JURISDICTION & VENUE

2. Plaintiffs, Stephanie Peterson and Evan Peterson, are natural persons and residents of Greenlee County and Navajo County, Arizona.

3. Defendant Healthcare Collections- I, LLC is a collection agency operating as a corporation, licensed to do and doing business in the State of Arizona.

4.   Defendant Healthcare Collections- I, LLC is engaged in the business of collecting consumer debts and regularly collects consumer debts through the mails and telephone. Defendant Healthcare Collections- I, LLC is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692(a)(6).

5.   Defendant resides in Maricopa County, Arizona out of which this complaint arises.

6.   This court has subject matter jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and, 28 U.S.C. § 1337.

7.   Venue in this district is proper based on 28 U.S.C. § 1391, because the events complained of in this complaint occurred in this district.

**SPECIFIC ALLEGATIONS**

8.   On or about September 19, 2014 Stephanie Peterson received a call from Healthcare Collections but no one was on the line.

9.   On or about October 8, 2014 Stephanie Peterson received a phone call from Angie at Healthcare Collections. Healthcare Collections asked to speak with plaintiff Evan Peterson and stated that the phone call was being recorded. When Stephanie Peterson identified herself Angie of Healthcare Collections- I, LLC attempted to collect a debt from Stephanie Peterson allegedly owed to Summit Healthcare in the amount of $1528.41.

10.   At no time during the conversation did Angie or anyone else at Healthcare Collections inform Stephanie Peterson of her right to dispute the debt pursuant to 28 U.S.C. § 1692(g)(a).

11. On or about October 10, 2014 Stephanie Peterson missed a call from Healthcare Collections.

12. At no time did defendant give or provide a validation notice to plaintiff as required by 28 U.S.C. § 1692(g)(a).

13. Defendant wrote again on October 17, 2014 attempting to collect the debt again without any validation notice.

**FIRST CAUSE OF ACTION**
**(Fair Debt Collection Practices Act)**

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide plaintiff a validation notice.

   b. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect a debt the amount of which is not expressly authorized by the agreement or permitted by law.

   c. Defendant violated 15 U.S.C. § 1692d and § 1692d(5) by intentionally causing and engaging in collection efforts and causing plaintiffs' phone to ring so to annoy and harass plaintiffs.

15. The violations of the foregoing sections cause defendant to be liable to plaintiffs under 15 U.S.C. 1692k for statutory and actual damages.

**WHEREFORE,** plaintiff requests the following relief:

   a. For statuary and general damages in an amount to be proved at trial;

   b. For consequential and incidental damages in an amount to be proved at trial;

   c. For prejudgment interest;

1       d.    For costs and attorney fees pursuant to 15 U.S.C. § 1692k;

      e.    For all and any further relief as the court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

DATED this 13th day of March, 2015.

THE CHARLAND LAW FIRM

    S/
John E. Charland, Esq.
3707 North Seventh Street
Suite 250
Phoenix, Arizona 85014

complaint.313